IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MICHAEL K. CASTILLE                                                                                                    PLAINTIFF

vs.                                              Civil No. 1:07-cv-01114

MICHAEL J. ASTRUE                                                                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Michael K. Castille ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his applications for DIB and SSI on March 25, 2005. (Tr. 15, 81-82). Plaintiff alleged he was disabled due to a back injury; problems with his knees, ankles, and feet; and a previous injury to his hand where he lost four of his fingers. (Tr. 82). At the administrative

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

hearing, Plaintiff also alleged he was disabled due to depression and possibly due to bipolar disorder. (Tr. 464). Plaintiff alleged an onset date of August 15, 2002. (Tr. 15, 81). These applications were initially denied on June 10, 2005 and were denied again on reconsideration on September 29, 2005. (Tr. 43-45).

On December 20, 2005, Plaintiff requested an administrative hearing on his applications. (Tr. 46). This hearing was held on January 23, 2007 in El Dorado, Arkansas. (Tr. 443-488). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Tyra Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had received his GED. (Tr. 447-448).

On May 21, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 15-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2008. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 15, 2002, his alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: back pain, depression, right carpal tunnel syndrome, finger amputations involving the left hand, and bilateral knee pain. (Tr. 17, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 18-21). At the administrative hearing, Plaintiff claimed

he was unable to write and pick up small objects with this left hand due to his left hand injury. (Tr. 454). Plaintiff claimed that his knees were "bad all the time" and that he could not stand up for long periods of time and could not climb stairs without having "bad, bad pain." (Tr. 473). Plaintiff claimed he could not walk on inclines and could not "stoop down real good at all without severe pain." (Tr. 473).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 18-21). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) there was no evidence that any health care provider had restricted Plaintiff in his ability to perform all work activities; (2) Plaintiff was right-hand dominant and his hand limitations were left hand limitations; (3) Plaintiff acknowledged a history of drug and narcotic abuse since his alleged onset date; (4) Plaintiff had a history of work activities since his alleged onset date; and (5) Plaintiff acknowledged performing a wide range of daily activities since his alleged onset date, including riding his stationary bike, shopping, attending college classes and AA meetings, driving, cooking, paying bills, visiting friends, working at Goodwill, and attending ballgames. (Tr. 21).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 18-21, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8 hour day; and stand/walk 6 hours in an 8 hour day, 1-2 hours continuously. He is restricted from using the left hand to grasp bulky items or money or change on a flat surface. Right hand restrictions preclude use of the extremity for repetitive tasks. The claimant can occasionally climb, stoop,

>   crouch, and crawl. Nonexertionally, when substance abuse symptoms are excluded he is restricted to simple unskilled or semi-skilled tasks with ability to understand, remember, and carry out concrete instructions. Finally, he is able to maintain superficial contact to meet, greet, make change, and give simple instructions and directions to supervisors, co-workers, and the public.

(Tr. 18, Finding 5). *See* 20 C.F.R. § 416.967(b) (2008).

The ALJ then determined Plaintiff would be unable to perform his Past Relevant Work ("PRW") but could perform other work existing in significant numbers in the national economy. (Tr. 22-23, Findings 6, 10). First, the ALJ determined Plaintiff's PRW included work as a butcher (heavy, skilled). (Tr. 22, Finding 6). Then, the ALJ determined Plaintiff could no longer perform this PRW. *See id.* Second, the ALJ heard testimony from the VE and found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 22-23, Finding 10). Specifically, the VE testified that Plaintiff could perform work as an (1) information clerk (2,500 such jobs statewide and 600,000 such jobs nationwide) and (2) merchant patroller (5,000 such jobs statewide and 950,000 such jobs nationwide). (Tr. 22-23, Finding 10). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act from August 15, 2002 through May 21, 2007, the date of the ALJ's decision. (Tr. 23, Finding 11).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.984(b)(2). On October 26, 2007, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 5-8). On November 16, 2007, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on November 26, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ did not perform a *Polaski* evaluation and (2) the ALJ erred by presenting a defective hypothetical to the VE. (Doc. No. 6, Pages 9-16). In response to Plaintiff's arguments, Defendant claims the ALJ's disability determination is supported by substantial evidence in the record. (Doc. No. 7, Pages 4-12). Specifically, Defendant claims that substantial evidence supports the ALJ's credibility determination, the ALJ properly followed the correct procedures for evaluating Plaintiff's mental impairment, the ALJ properly determined Plaintiff retained the RFC to perform jobs existing in significant numbers in the national economy, and the ALJ fully and fairly developed the record. (Doc. No. 7, Pages 4-10). This Court will address both of Plaintiff's arguments.

**A. The ALJ's Credibility Determination**

Plaintiff claims that the ALJ did not perform a full *Polaski* analysis and that the ALJ's credibility determination is not supported by substantial evidence in the record. (Doc. No. 6, Pages 9-12). Plaintiff claims the ALJ did not fully consider his earnings record, his attempts at working, his restricted daily activities, his extensive medications, and his five-year history of pain and limitations. *See id.* In response to this argument, Defendant claims the ALJ fully evaluated Plaintiff's subjective complaints based upon the *Polaski* factors and properly stated his reasons for discounting Plaintiff's subjective complaints. (Doc. No. 7, Pages 4-7). This Court, after reviewing the record, finds the ALJ's credibility determination is supported by substantial evidence in the record and should be affirmed.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated Plaintiff's daily activities; the duration, frequency, and intensity of his pain; the precipitating and aggravating factors; his medications; and his functional restrictions. (Tr. 21). The ALJ then listed five inconsistencies between Plaintiff's testimony and the record: (1) there was no evidence that any health care provider had restricted Plaintiff in his ability to perform all work activities; (2) Plaintiff was right-hand dominant and his hand limitations were left hand limitations; (3) Plaintiff acknowledged a history of drug and narcotic abuse since his alleged onset date; (4) Plaintiff had a history of work activities since his alleged onset date; and (5) Plaintiff acknowledged performing a wide range of daily activities since his alleged onset date, including riding his stationary bike, shopping, attending college classes and AA meetings,

driving, cooking, paying bills, visiting friends, working at Goodwill, and attending ballgames. (Tr. 21).

By performing this analysis, the ALJ fulfilled the requirements of *Polaski,* and this Court will defer to the ALJ's credibility determination. *See Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir. 1995) (holding that "[w]here conflicting allegations and claims exist, credibility findings are for the ALJ to make"). Furthermore, the fact that there may be *some* evidence supporting Plaintiff's claimed limitations does not cause the ALJ's credibility determination to be deficient. *See Haley,* 258 F.3d at 747 (holding that a social security disability case should not be reversed simply because substantial evidence exists in the record that would have supported a different outcome). As long as there is substantial evidence supporting the ALJ's credibility determination, that determination should be affirmed. *See id.* Based upon this analysis and the five inconsistencies discussed by the ALJ, as noted above, there is substantial evidence supporting the ALJ's credibility determination in this case. Therefore, that determination is affirmed.

### B. The ALJ's Hypothetical to the VE

Plaintiff claims the ALJ's hypothetical to the VE was deficient because it did not include Plaintiff's limitations due to his pain. (Doc. No. 6, Pages 12-16). Plaintiff claims that he suffers from "poor concentration because of pain and mental condition – could not work a 40-hour week on a regular and consistent basis." *See id.* Plaintiff claims the ALJ should have (1) accepted his subjective complaints regarding the extent of his pain as being mild to severe, (2) determined he was unable to perform the job as a "merchant controller" (security guard) because he was emotionally unstable, had five knee surgeries and lower back surgery, and had the need for strong medication; and (3) accepted all his limitations due to his Major Depressive Disorder, Bipolar II Disorder, and

9

Anxiety Disorder. *See id.*

In response to this argument, Defendant argues the ALJ properly evaluated and discounted Plaintiff's subjective complaints regarding his level of pain. (Doc. No. 6, Pages 4-7). Defendant argues that the ALJ's hypothetical questions to the VE "captured the concrete consequences of Plaintiff's deficiencies" and that the ALJ properly relied upon the VE's responses to those hypothetical questions in finding Plaintiff retained the ability to perform a job as a merchant controller. *See id.* at 9-12. Finally, Defendant argues the ALJ followed the correct procedures for evaluating Plaintiff's claimed mental impairments and properly restricted Plaintiff in his ability to perform "simple unskilled tasks with the ability to understand, remember, and carry out concrete instructions; maintain superficial contact to meet, greet, make change, and give simple instructions to supervisors, co-workers, and the public." *See id.* at 7-8. This Court will address each of Plaintiff's arguments.

First, Plaintiff argues the ALJ erred by discounting his subjective complaints of severe pain. (Doc. No. 6, Pages 12-16). As noted above, the ALJ's credibility determination is supported by substantial evidence. *See* Discussion, *supra.* Accordingly, the ALJ did not err in discounting these subjective complaints. Second, Plaintiff claims the ALJ erred in finding he could perform work as a merchant controller. *See id.* Plaintiff claims that, considering his mental limitations due to Major Depressive Disorder, Bipolar II, and Anxiety Disorder, he could not perform work as a merchant controller. *See id.* However, as noted in the following section, the ALJ properly discounted Plaintiff's claimed mental limitations due to Major Depressive Disorder, Bipolar II, and Anxiety Disorder. Then, after properly discounting those claimed limitations, the ALJ posed a hypothetical to the VE including all the mental limitations he found credible. (Tr. 481-485). The VE's response

to this hypothetical–including the VE's testimony that Plaintiff retained the ability perform work as a merchant controller–provides substantial evidence supporting the ALJ's determination that Plaintiff can perform work as a merchant controller.  *See Cox v. Astrue,* 495 F.3d 614, 620-21 (8th Cir. 2007) (holding that the ALJ's reliance on the vocational expert's response to a hypothetical that captured the consequences of the claimant's deficiencies provided substantial evidence supporting the ALJ's Step Five determination).  Therefore, Plaintiff's second argument is without merit.

Third, Plaintiff claims the ALJ erred by discrediting his limitations due to Major Depressive Disorder, Bipolar II, and Anxiety Disorder.  (Doc. No. 6, Pages 13-16).  On February 21, 2007, Plaintiff was examined by Dr. Randall Wells, M.D.  (Tr. 437).  Dr. Wells reported that Plaintiff was "experiencing significant mood cycling particularly into depressed mood state."  *See id.*  Dr. Wells reported that Plaintiff was taking Lamictal, Lexapro, Trazodone, and PM Tranxene.  *See id.*  Dr. Wells reported that, while Lamictal was not successfully treating Plaintiff's symptoms, Plaintiff did not appear to have any adverse side effects to his other medications.  *See id.*  Dr. Wells prescribed Plaintiff Eskalith and Serum Lithium to treat his other symptoms.  *See id.*

On April 18, 2007, Dr. Wells examined Plaintiff during a follow-up appointment.  (Tr. 433).  Dr. Wells noted that Plaintiff's mood had remained "fairly unstable" and that Plaintiff's mood was "sometimes up, sometimes irritable, at other times dysphoric."  (Tr. 433).  However, Dr. Wells also indicated in his report that Plaintiff's symptoms were otherwise relatively stable with medication. *See id.*  Specifically, Dr. Wells switched one of Plaintiff's medications to generic so that Plaintiff could afford that medication until the time he had established employment.  *See id.*  Dr. Wells made this change so that Plaintiff could control his depressive symptoms:

> He and I discuss these treatments, how he is going to have difficulty affording medications until his insurance is established with his employment.  I suggest to Michael that we might consider alternative antidepressant such as generic Celexa

11

>which would be available through one of the Wal-Mart prescription plans at an affordable rate. He is in agreement with this. *He understands there could be risk for increased depressive symptoms with this change.*

*See id.* (emphasis added).

In fact, none of the medical records Plaintiff cited in his appeal brief establish that his symptoms could not be controlled with medication. Impairments that can be controlled with medication are not considered disabling. *See Estes v. Barnhart,* 275 F.3d 722, 725 (8th Cir. 2002). Plaintiff has the burden of establishing that her impairments cannot be controlled with medication. *See Fastner v. Barnhart,* 324 F.3d 981, 983 (8th Cir. 2003) (noting that the claimant has the burden of establishing that he or she is entitled to disability benefits by proving the existence of a disability). Because Plaintiff has not established that these impairments could not be controlled with medication–and his medical records from Dr. Wells indicate that they can be controlled with medication–Plaintiff has not met his burden in this case.

Based upon the analysis above, this Court finds the ALJ properly discounted Plaintiff's subjective complaints, properly determined he could perform work as a merchant patroller, and properly discounted Plaintiff's claimed mental limitations due to Major Depressive Disorder, Bipolar II, and Anxiety Disorder. After discounting these claims, the ALJ then posed a hypothetical to the VE including all the limitations he found credible. (Tr. 481-485). The VE's response to this hypothetical provides substantial evidence supporting the ALJ's disability determination. *See Cox,* 495 F.3d at 620-21. Accordingly, since substantial evidence supports this determination, it must be affirmed.

### 4. Conclusion:

The undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported

by substantial evidence and must be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED this 31st day of October, 2008.**

                                              /s/   Barry A. Bryant  
                                              HON. BARRY A. BRYANT  
                                              U.S. MAGISTRATE JUDGE